UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXISCO

| | | |
|---|---|---|
| ALLAN CERVANTES, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | § § | No._____ |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| CHALK MOUNTAIN SERVICES OF TEXAS, LLC, | § § § | |
| Defendant. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORMidABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Allan Cervantes (referred to as "Plaintiff" or "Cervantes") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Chalk Mountain Services of Texas, LLC (collectively referred to as "Defendants" or "Chalk Mountain"). In support thereof, he would respectfully show the Court as follows:

### I.  Nature of Suit

1.      Cervantes' claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") and the New Mexico Minimum Wage Act, §50-4-19 *et seq*., ("NMMWA").

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers" 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3.    Chalk Mountain violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4.    Chalk Mountain violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.    Cervantes brings this collective action under FLSA and NMMWA on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6.    The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.    The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

8.    Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Chalk Mountain maintains office and business operations in this District, including Los Cruces, New Mexico.

### III.  Parties

9.      Allan Cervantes is an individual who resides in Midland County, Texas and who was employed by Chalk Mountain during the last three years.

10.     Chalk Mountain Services of Texas, LLC is a foreign limited liability company that may be served with process by serving its registered agent: Capitol Document Services, Inc., 55 Old Santa Fe Trial, 2nd Floor, Santa Fe, NM 87501.

11.     Whenever it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine and normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants or employees.

### IV.  Facts

12.     Chalk Mountain is an oilfield services company; it does business in the territorial jurisdiction of this Court.

13.     Chalk Mountain employed Cervantes as a Sand Pusher from March 2017 to the present; he was responsible for backing drivers into the well site using hand signals, connecting and disconnecting hoses, and performing basic data entry and communications with the dispatch department.  Sand Pushers duties consists of manual labor, including heavy lifting with oilfield equipment.

14.     During Cervantes' employment with Chalk Mountain, he was engaged in commerce or the production of goods for commerce.

15.     During Cervantes' employment with Chalk Mountain, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

16.     During Cervantes' employment with Chalk Mountain, the company had an annual gross volume of sales made or business done of at least $500,000.

17.     Chalk Mountain paid Cervantes a salary plus bonus.

18.     During Cervantes' employment with Chalk Mountain, he regularly worked in excess of forty hour per week.

19.     Chalk Mountain knew or reasonably should have known that Cervantes worked in excess of forty hours per week.

20.     Chalk Mountain did not pay Cervantes overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed."  29 U.S.C. § 207(a)(1); NMSA § 50-4-22.

21.     Instead, Chalk Mountain paid Cervantes a fixed sum of money regardless of the number of hours he worked.

22.     In other words, Chalk Mountain paid Cervantes for the overtime that he worked at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA and the NMMWA.

23.     Chalk Mountain knew or reasonably should have known that Cervantes was not exempt from the overtime provisions of the FLSA and the NMMWA.

24.     Chalk Mountain failed to maintain accurate time and pay records for Cervantes as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

25.     Chalk Mountain knew or showed a reckless disregard for whether its pay practices violated the FLSA and the NMMWA.

26.     Chalk Mountain is liable to Cervantes for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b); NMSA § 50-4-26.

27.     All Sand Pusher employed by Chalk Mountain are similarly situated to Cervantes because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Chalk Mountain pursuant to 29 U.S.C. § 216(b); NMSA § 50-4-26.

## V.  Count One—Failure to Pay Overtime in Violation of FLSA and NMMWA

28.     Cervantes adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

29.     During Cervantes' employment with Chalk Mountain, he was a non-exempt employee.

30.     As a nonexempt employee, Chalk Mountain was legally obligated to pay Cervantes "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1); NMSA § 50-4-22.

31.     Chalk Mountain did not pay Cervantes overtime as required by 29 U.S.C. § 207(a)(1) and NMSA § 50-4-22 for the hours he worked in excess of forty per week.

32.     Instead, Chalk Mountain paid Cervantes at his straight time rate for each hour worked over forty in a workweek.

33.     In other words, Chalk Mountain paid Cervantes for his overtime at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA and the NMMWA.

34.     If Chalk Mountain classified Cervantes as exempt from the overtime requirements of the FLSA and the NMMWA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA and the NMMWA.

35.     Chalk Mountain knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA and the NMMWA.  In other words, Chalk Mountain willfully violated the overtime requirements of the FLSA and the NMMWA.

### VI.  Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

36.     Cervantes adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

37.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

38.     In addition to the pay violations of the FLSA described above, Chalk Mountain also failed to keep proper time and pay records as required by the FLSA.

### VII.  Count Three— Class and Collective Action Allegations

39.     Cervantes adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

40.     On information and belief, other employees have been victimized by Chalk Mountain's violations of the FLSA and the NMMWA identified above.

41.     These employees are similarly situated to Cervantes because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

42.     Chalk Mountain's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

43.     Since, on information and belief, Cervantes' experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

44.     All Sand Pushers of Chalk Mountain, regardless of their rates of pay, job titles or precise job locations who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

45.     Cervantes represents at least two classes of similarly situated Sand Pushers.

46.     Cervantes represents a class of similarly situated Sand Pushers under the

FLSA Class pursuant to 29 U.S.C § 216(b) defined as follows:

> All current and former Sand Pushers in the United States who
> regularly worked in excess of forty hours per week and were
> not paid proper overtime compensation during the last three
> years.

47.     Additionally, Cervantes represents a class of similarly situated Sand Pushers

under the NMMWA pursuant to Federal Rule of Civil Procedure 23 defined as follows:

> All current and former Sand Pushers working in New Mexico
> who regularly worked in excess of forty hours per week and
> were not paid proper overtime compensation during the last
> three years.

48.     Chalk Mountain is liable to Cervantes and the members of the putative class

for the difference between what it actually paid them and what it was legally obligated to

pay them.

49.     Because Chalk Mountain knew and/or showed a reckless disregard for

whether its pay practices violated the FLSA and NMMWA, the company owes Cervantes

and the members of the putative class their unpaid overtime wages for at least the last three

years.

50.     Chalk Mountain is liable to Cervantes and the members of the putative class

in an amount equal to their unpaid overtime wages as liquidated damages.

51.     Chalk Mountain is liable to Cervantes and the members of the putative class

for their reasonable attorneys' fees and costs.

52.      Cervantes has retained counsel who are well versed in FLSA/NMMWA collective and class action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

### VIII.  Jury Demand

53.      Cervantes demands a trial by jury.

### IX.  Prayer

54.      Cervantes prays for the following relief:

   a.  an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b.  an order certifying class action under Rule 23 for purposes of the claims under New Mexico law;

   c.  judgment awarding Cervantes and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   d.  postjudgment interest at the applicable rate;

   e.  incentive awards for any class representative(s); and

   f.  all such other and further relief to which Plaintiff and the Putative Class may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____

Melissa Moore
Texas State Bar No. 24013189
Curt Hesse
Texas State Bar No. 24065414
Bridget Davidson
Texas State Bar No. 24096858
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF
ALLAN CERVANTES**